**POLSINELLI LLP**
Michele Haydel Gehrke (SBN 215647)
mgehrke@polsinelli.com
Garrett Parks (SBN 297971)
gparks@polsinelli.com
Three Embarcadero Center, Suite 1350
San Francisco, California 94111
Phone: (415) 248-2100 │ Fax: (415) 248-2101

**POLSINELLI PC**
Scott Gilbert (IL Bar #6282951) (*admitted pro hac vice*)
sgilbert@polsinelli.com
Andrew Cripe (IL Bar #6242727) (*admitted pro hac vice*)
acripe@polsinelli.com
161 N. Clark Street, Suite 4200
Chicago, Illinois 60601
Phone: (312) 819-1900 │ Fax: (312) 819-1910

*Attorney for Defendants*
*Motorola Solutions, Inc. & Zebra Technologies, Corp.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRY DRUMMOND,<br><br>Plaintiff,<br><br>v.<br><br>MOTOROLA SOLUTIONS, INC., and ZEBRA TECHNOLOGIES CORPORATION,<br><br>Defendants. | Case No. 3:15-CV-03328-JCS<br><br>**STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION**<br><br>Date Action Filed: July 17, 2015<br><br>Trial Date: |

Pursuant to Local Rule 7-12 and in order to protect the confidentiality of confidential, private, proprietary, privileged and/or trade secret information obtained by the parties in connection with this case, Plaintiff Garry Drummond ("Plaintiff") and Defendants Motorola Solutions, Inc. ("Motorola") and Zebra Technologies Corporation ("Zebra") (collectively the "Parties") stipulate as follows:

1.   Counsel for any party may designate any document, information contained in a document, information revealed in an interrogatory response or information revealed during a deposition as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL." "Confidential" information or documents may be referred to collectively as "Confidential Information."

2.   Unless ordered by the Court, or otherwise provided for herein, the Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the above-captioned action.

3.   In the event a party challenges another party's confidential designation, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may thereafter seek resolution by the Court. Nothing in this Stipulated Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all Confidential Information disclosed, in accordance with applicable law and Court rules. *The burden of persuasion in any such challenge shall be on the designating party.*

4.   Confidential Information shall not be disclosed to any person, except:

    a.   The requesting party and counsel, including in-house counsel;

    b.   Employees of such counsel assigned to and necessary to assist in the litigation;

    c.   Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

    d.   Any person from whom testimony is taken or is to be taken in these actions, except that such a person may only be shown that Confidential Information during and in preparation for his/her testimony and may not retain the Confidential Information; and

    e.   The Court (including any clerk, stenographer, or other person having access to any Confidential Information by virtue of his or her position with the Court) or the jury at trial or as exhibits to motions.

1  5.  Prior to disclosing or displaying Confidential Information to any person, counsel shall:

2      a.  Inform the person of the confidential nature of the information or documents; and

3      b.  Inform the person that this Court has enjoined the use of the information or
4          documents by him/her for any purpose other than this litigation and has enjoined
5          the disclosure of that information or documents to any other person.

6  6.  The Confidential Information may be displayed to and discussed with the persons
7      identified in Paragraphs 4(c) and (d) only on the condition that prior to any such display
8      or discussion, each such person shall be asked to sign an agreement to be bound by this
9      Order in the form attached hereto as Exhibit A.  In the event such person refuses to sign
10     an agreement in the form attached as Exhibit A, the party desiring to disclose the
11     Confidential Information may seek appropriate relief from the Court.

12 7.  The disclosure of a document or information without designating it as "confidential" shall
13     not constitute a waiver of the right to designate such document or information as
14     Confidential Information provided that the material is designated pursuant to the
15     procedures set forth herein no later than that latter of fourteen (14) days after the close of
16     discovery or fourteen (14) days after the document or information's production,
17     whichever is later. If so designated, the document or information shall thenceforth be
18     treated as Confidential Information subject to all the terms of this Stipulation and Order.

19 8.  All information subject to confidential treatment in accordance with the terms of this
20     Stipulation and Order that is filed with the Court, and any pleadings, motions or other
21     papers filed with the Court disclosing any Confidential Information, shall be filed under
22     seal to the extent permitted by law (including without limitation any applicable rules of
23     Court) and kept under seal until further order of the Court. ~~To the extent the Court~~
24     ~~requires any further act by the parties as a precondition to the filing of documents under~~
25     ~~seal (beyond the submission of this Stipulation and Order Regarding Confidential~~
26     ~~Information), it shall be the obligation of party seeking to file such documents to satisfy~~
27     ~~any such precondition.~~ Where possible, only confidential portions of filings with the
28     Court shall be filed under seal. The parties will comply with Local Rule 79-5, including 79-5(e)'s requirement that the designating party file a declaration establishing that the designated material is sealable.

51483343.3                      3                                   Case No. 15-CV-03328-JCS
STIPULATED PROTECTIVE ORDER

9. At the conclusion of litigation, the Confidential Information and any copies thereof shall be promptly (and in no event later than thirty (30) days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain confidential.

The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Stipulated Protective Order relating to confidential information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Stipulated Protective Order. This Stipulated Protective Order may be enforced by either party and any violation may result in the imposition of sanctions by the Court.

Respectfully submitted this 25th day of January 2016.

| ___/s/_____* | __/s/_____ |
|---|---|
| Richard Grimm (SBN 177463) | Michele Haydel Gehrke (SBN 215647) |
| **LAW OFFICE OF RICHARD GRIMM** | mgehrke@polsinelli.com |
| 2391 The Alameda, Suite 200 | Garrett Parks (SBN 297971) |
| Santa Clara, CA 95050 | gparks@polsinelli.com |
| Phone: 650.248.5487 | **POLSINELLI LLP** |
| Fax: 650.618-9856 | Three Embarcadero Center, Suite 1350 |
| richard@richardgrimm.com | San Francisco, California 94111 |
| | Phone: (415) 248-2100 |
| Steven M. Oster | Fax: (415) 248-2101 |
| D.C. Bar No. 376030 | |
| (admitted pro hac vice) | Scott Gilbert (IL Bar #6282951) |
| OSTER LAW FIRM | (*admitted pro hac vice*) |
| 1850 M Street, N.W., Suite 280 | sgilbert@polsinelli.com |
| Washington, DC 20036 | Andrew Cripe (IL Bar #6242727) |
| Phone: (202) 596-5219 | (*admitted pro hac vice*) |
| Fax: (202) 747-5862 | acripe@polsinelli.com |
| steve@osterlawfirm.com | **POLSINELLI LLP** |
| | 161 N. Clark Street, Suite 4200 |
| *Signed with permission | Chicago, Illinois 60601 |
| | Phone: (312) 819-1900 |
| | Fax: (312) 819-1910 |
| *Attorneys for Plaintiff* | |
| | *Attorney for Defendants Motorola Solutions, Inc. & Zebra Technologies Corp.* |

# **ORDER**

GOOD CAUSE APPEARING, it is hereby ORDERED that all parties to this action and their counsel comply with the provisions of the Parties' Stipulated Protective Order Regarding Confidential Information.

**IT IS SO ORDERED.**   (modified above)

Dated: ___2/8/16___

IT IS SO ORDERED
AS MODIFIED
Judge Edward M. Chen

# **EXHIBIT A**

I have been informed by counsel that certain documents and/or information to be disclosed to me have been designated as confidential in connection with the matter entitled *GARRY DRUMMOND v. MOTOROLA SOLUTIONS, INC. and ZEBRA TECHNOLOGIES CORPORATION,* Case Number 3:15-CV-03328-JCS, currently pending in the United States District Court for the Northern District of California. I have been informed that any such documents and/or information labeled "CONFIDENTIAL" are confidential by Order of the Court, and may not be disclosed or produced by me to others.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

Signed in the presence of:

_____

(Attorney)
51483343.2   Case No. 15-CV-03328-JCS
EXHIBIT "A"
51483343.3